## LIES & COMPANY *vs.* DANIEL.*

BLECKLEY, C. J.—1. The question of fact whether the cigar-boxes held for sale and being sold by the defendant, with the marks, devices and designs thereon, are such colorable imitations of complainants' goods as to be likely to deceive or mislead purchasers to the injury of complainants, being for the jury on final hearing of the bill, and irreparable damage not being probable, there being no charge that the defendant is insolvent, there was no error in denying an interlocutory injunction. Injunctions in restraint of trade should be sparingly granted before final decree. *The B. B. B.* case, 77 *Ga.* 216.

Judgment affirmed.

2. On the call of this case, the following order was passed: "It being made to appear to the court that Fritz Brothers have a direct interest in the result of this cause, though they are not parties to the record, it is ordered that they have leave to appear by their counsel, Harrison & Peeples, as provided by section 4275 of the code." (Rep.)

October 10, 1887.

Trade-marks. Injunction. Practice. Before Judge MARSHALL J. CLARKE. Fulton county. At chambers, August 4, 1888.

George P. Lies & Company filed their bill against L. J. Daniel, alleging, in substance, as follows: For a long time, they have been engaged in manufacturing and selling cigars, and have made a national reputation. They adopted a trade-mark, known as "Grand Republic Cigarros," with the label of a goddess of liberty, and had it registered in the Patent Office at Washington, D. C., February 20, 1877, the trade-mark being on the inside lid of the cigar-box, and the words, "Grand Republic Cigarros," on the top, front and rear of the box. Soon after the registration, they adopted and invented, as a part of their trade-mark, a carmine

---

*In this and the remainder of the cases of this term, no further opinion than the head-notes was filed.

embossed seal, to be placed on the outside of the boxes immediately below the words, "Grand Republic Cigarros." They also invented, as a part of their trademark, a plain cedar box without paper border, and lettered it in a new and peculiar style, the box and lettering being their own design, nothing like it having been used before. These cigarros are known to the public by these devices, trade-mark, label, seal, etc. They are superior cigars, have been extensively advertised, have become widely known and have a large sale. Fritz Brothers, cigar manufacturers in Cincinnati, knowing the premises, but wilfully disregarding the rights of complainants, about June 1, 1887, fraudulently prepared and sold, and still sell, a cigar put up in imitation of complainants', which, with intent to deceive buyers and defraud complainants, they call "Great Injunction Cigarros," and put it up in a plain cedar box without paper border, lettered in the same style adopted by complainants; and the general outline of the box is so similar to that of complainants that, by a casual observer, the difference would not be detected. They are also counterfeiting complainants' trade-mark on the inside of the lid of the box and the words "Grand Republic Cigarros" on the top, front and rear of the box; also using an imitation of the carmine seal, placing it in the same position on the boxes, and the words, "Great Injunction Cigarros," occupy the same position on the boxes as complainants'; all of these imitations being so similar to complainants' as to deceive the public and make purchasers believe they were getting complainants' goods. So striking are the simulations, that a purchaser with ordinary attention would not discriminate between the two. As soon as complainants discovered this attempt at piracy, they instituted proceedings in Cincinnati against Fritz Brothers, to enjoin

them from such infringement, and to recover damages therefor. In consideration of the withdrawal of the claim for damages, Fritz Brothers consented that a decree might be taken enjoining them from using the trade-mark "Great Republic Cigarros," and any imitation of complainants, in connection therewith. Afterwards, hoping to escape the decree, Fritz Bros. changed the name from "Great Republic Cigarros" to "Great Injunction Cigarros," but still used the same kind of box as before, the seal being in the same position, the goddess on the inside of the box-top being the same in general style as complainants', and the shape of the box and its general style and lettering being the same. The only change was in the name, as above stated. In December, 1887, application was made to commit Fritz Bros. for contempt in disobeying the injunction. They then attempted to vacate the consent decree, but this was disallowed. They are nevertheless shipping to defendant Daniel the "Great Injunction Cigarros," similarly sealed, branded, etc. as complainants', causing purchasers to buy them for complainants'. They are kept for sale by Daniel, who deals in them extensively; and although notified by complainants of the infringement and the decree against Fritz Brothers, he persists in selling them and says he will continue to do so. He has a large quantity on hand. When notified to cease selling them, he replied that he had a letter from Fritz Brothers, written in June, 1888, wherein they assured him of saving him harmless and paying all expense of any litigation that might be begun against him. Combination between Fritz Bros. and Daniel is charged; and it is also charged that Daniel is fraudulently selling Fritz Brothers' goods as being those of complainants, deceiving purchasers and damaging complainants. He has been repeatedly requested to desist, but has refused,

and threatens to continue selling. By reason of the premises, complainants have been damaged $2,000. The bill prays for injunction, accounting, general relief and *subpœna.*

By amendment, complainants say that their trade-mark as registered consists of the word-symbol " Grand Republic"; it is arranged in connection with the representations of a bundle of fasces and of the American flag, and with the initials and character " G. P. L. & Co."; but in the statement filed for this trade-mark, complainants ask that the fasces, flag, initials and character be omitted or some other device substituted for them, without materially changing the character of the trade-mark, the essential feature of which is the word-symbol "Grand Republic." After using this for a short time, complainants substituted a picture of a goddess for the fasces and flag, and have since used them. They ask leave to strike from the bill all parts of the same that are inconsistent with the above trade-mark. Attached to the bill as exhibits are complainant's box-label and carmine seal.

The defendant answered the bill, in substance, as follows : Denies that complainants have any of the rights of the user and owner of a trade-mark such as described in the bill, and particularly that they are entitled to exclusive use of a carmine embossed seal placed on the outside of boxes, or of a plain cedar box with or without paper borders, or any kind of cedar box. He denies that they invented any such plain box, but asserts that the use of cedar and the making of it into boxes for cigars is a right open to the world. He is not bound by the proceedings in Cincinnati between complainants and Fritz Brothers, not being a party thereto. He has bought no cigars from Fritz Brothers except " Great Injunction Cigarros" and some imported goods. He is

advised and believes that complainants never obtained any injunction against Fritz Bros. as to sale of "Great Injunction Cigarros." He has never sold any "Great Republic Cigarros," and is not purposing to do so. He is advised and believes that the decree referred to in the bill was obtained by fraud, consisting in misrepresentations made by counsel for complainants to Fritz Bros. to the effect that all they desired enjoined was the use of the word "Republic"; that Fritz Bros. consented to the same to that extent only; that the counsel procured a pretended plea to be made for Fritz Bros.; and that the decree was entered by fraud and deception practiced thus, and it is void. But defendant has not offered for sale any cigarros under the name of "Great Republic Cigarros," nor in boxes similar to those used by Fritz Bros. at the time the decree was obtained. Defendant was informed by Fred. Law that some sort of litigation had been in Cincinnati. Whether this was true or not, defendant did not know, and told Law that Fritz Bros. would protect him in the sale of their goods. He did not then presume, and does not now believe, that the sale of the "Great Injunction Cigarros" by him could be any violation of complainants' rights, either generally or regarding the decree, even if valid; for neither the goods nor the boxes containing them nor the marks on the boxes are so like those of complainants as to deceive any buyer of ordinary intelligence or who would look at what he buys. The dissimilarities are so many and marked, that they do not require careful inspection to distinguish them. When placed side by side, the articles, boxes and marks are palpably different. The words "Great Injunction," so far from being a pretence that the goods are the same as those of complainants, are an advertisement of a controversy between them and Fritz Bros., and of a difference between the goods.

The " Great Injunction Cigarros" are larger than the " Grand Republic Cigarros." The boxes differ materially in size. The label on the inside of complainants' box represents the goddess of liberty holding a wreath in her left hand, the left arm being lowered and resting upon a circular mantel, with -her right hand holding a flag-staff, the hand being elevated and the arm stretched out towards her right, the figure fronting the looker-on. On the lower right-hand corner of the label is an eagle, shield and American flag, and on the flag streamer are the words " *e pluribus unum.*" Above the figure are the words " Grand Republic Cigarros," and underneath the goddess of liberty is the name of " Geo. P. Lies & Co." To the right of the goddess are printed these words : " These Cigarros are made and guaranteed by Factory No. 200, 3d Dist., N. Y."; and on the left of the goddess are printed these words : " All infringements or imitations of the label and style of our box will be vigorously prosecuted." Whereas the label on the inside of the " Great Injunction Cigarros " represents not a goddess of liberty, but a goddess of industry, with both hands resting on a globe, on which are the words " Cuba " and " America." The figure of this goddess is sitting sidewise, both hands extended towards the globe, with her face turned towards the looker-on ; and behind her there is no circular mantel, but in the distance is a train of cars over an arched bridge, a river, and a distant mountain. On her right are pictures of fruits, a sheaf of grain and agricultural and mechanical instruments. No such things appear on complainants' label, but at that place thereon appear a flag with stars, a spear-head and battle-ax, and a cornucopia with escaping coin. On the left of the goddess of industry used on Fritz Brothers' label are pictures of a clock, triangle and ax, and the background

represents a stream on which is the picture of a ship under full canvas, and a balloon in the sky; none of which appear on complainants' label. On complainants' label is a circle of stars and rainbow colors behind their goddess of liberty, which do not appear on Fritz Brothers' label. On complainants' label, the words " Grand Republic Cigarros " are printed in gilt letters ; whereas defendant's has the words " Great Injunction Cigarros " printed in black ink and different type. A marked difference is that the goddess of industry is crowned, while the goddess of liberty is not. The entire color and appearance of the two labels are so dissimilar as to be detected by a glance. There is no printing on the label used by defendant ; whereas one-fourth of the label of complainants is taken up with gilt printing. There is no gilt printing at all on the label of Fritz Bros. On the lid of complainants' box is printed : "Grand Republic Cigarros. Carmine Seal Brand. Long Havana Filler. Guaranteed by Factory 200, 3d Dist., N. Y." On Fritz Brothers' box are the words : "Great Injunction Cigarros. Long Havana Filler. Guaranteed by Factory 113, 1st Dist., O." On the front side of complainants' box are the words : " Grand Republic Cigarros. All genuine Cigarros will bear this seal, with a carmine seal with the words printed. thereon, Geo. P. Lies & Co. Third District N. Y." And across its face, " Factory 200." On the front side of the box used by defendant are the words, in different style of type and different color of ink : "Great Injunction Cigarros. All genuine Cigarros will bear this seal. Guaranteed by Factory 113, 1st Dist., O." ; and the seal is light red, and printed upon it, " Fritz Bros., Factory 113, 1st Dist., O." The seal upon the front lid is no invention of complainants and no new matter, having been used for many years by various dealers. Among others, Jacob

Weil, as long ago as 1876, used such a seal on cigar-boxes in Cincinnati. Samuel Frost, a cigar-box manu-facturer of the same city, has for four years been placing a red seal on boxes for his customers, and they have been used in the trade. Eighteen years ago, Abraham Newberg, a cigar manufacturer, used a round seal on the outside of cigar-boxes as a brand, which use was continued. The ends of the boxes are entirely different. Complainants' has printed on it: "Carmine Seal Brand. Factory No. 200, 3d Dist., N. Y. 100." The box of defendant has nothing on it except the figures "100." The boxes, marks thereon and the cigarros are different from those which were being used by Fritz Bros. when the injunction against them was fraudulently obtained. Their box then had a plain label; inside of its lid were the words "Great Republic" printed over the figure; and it was the use of the word "Republic" which was the basis of the objection then made and of the decree rendered. Defendant denies all combination with Fritz Bros. to do wrong to complainants, as well as all aver-ments that tend to show that he has done any wrong for which he ought to be enjoined. He has sold the "Grand Republic" cigar. Many of his customers buy the "Great Injunction" in preference to it, and did not think they were getting the "Grand Republic"; they buy them because they differ, not because they are alike. The "Great Injunction" is not inferior to the "Grand Republic"; and defendant has found as many persons who prefer the former as who prefer the latter. He has never attempted to sell the former for the latter, or to make a person believe he was buying the latter when he was buying the former. He sold the "Great Injunc-tion" in competition with, not for similarity to, the "Grand Republic." The use of the words "Injunction" advertised a controversy and a difference between the two.

The testimony introduced on the hearing, on the point as to whether the cigar-boxes held for sale and being sold by defendant, with the marks, devices and designs thereon, were such colorable imitations of complainants' goods as to be likely to deceive or mislead purchasers to the injury of complainants, was conflicting. There was introduced by complainants an exemplification from the superior court of Cincinnati, showing petition for injunction of complainants against Fritz Bros.; demurrer of the latter, with order overruling same; defendants' answer, which was simply a denial of the allegations in the petition; and the order of the court, finding the issues in favor of the complainants, and that they are owners of the trade-mark known as "Grand Republic" cigarros; and decreeing that defendants be enjoined from manufacturing, etc. any imitations of complainants' articles bearing the name of "Great Republic," or any imitation of said name, or any imitation of the design or trade-mark of the plaintiffs, and from branding, labelling or marking any boxes or packages containing cigars or cigarros with any such labels or marks. Also, an exemplification of the petition of Fritz Bros. to vacate this decree, alleging fraud in its procurement, etc.; the answer of Lies & Co. thereto; and the judgment of the court denying the application, to which Fritz Bros. excepted and filed a motion for a new trial, which was overruled, and thereupon (a statement in the order) exception by Fritz Bros.

The injunction was denied, and the complainants excepted.

JOHN L. TYE, for plaintiffs.

A. H. COX and HARRISON & PEEPLES, for defendants.